# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

BINH THAI NGUYEN,                        )
                                         )
                    Petitioner,          )
                                         )
-vs-                                     )        NO. CIV-26-0056-HE
                                         )
PAMELA BONDI, et al.,                    )
                                         )
                    Respondents.         )

## ORDER

Petitioner Binh Thai Nguyen, a citizen of Vietnam, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement ("ICE").  In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Shon T. Erwin for preliminary review.  Respondents filed a response and petitioner replied.

On March 26, 2026, the magistrate judge issued a Report and Recommendation [Doc. #19], recommending the court grant petitioner habeas relief under § 2241 and release him from custody immediately under the terms of his previous Order of Supervision.  In so recommending, the magistrate judge determined (1) the court has jurisdiction to consider the habeas petition, (2) ICE failed to abide by its regulations, whether 8 C.F.R. § 241.13(i) or 8 C.F.R. § 241.4(l), when it revoked petitioner's Order of Supervision, making the revocation unlawful, and (3) the court should join the majority of district courts that have found such regulatory defects amount to due process violations that entitle a petitioner to

habeas relief.  The magistrate judge further recommended the court order respondents to certify compliance by filing a status report within five business days of the court order.

Respondents have timely objected to the Report and Recommendation and petitioner has responded [Doc. #20, Doc. #21].  Pursuant to 28 U.S.C. § 636(b)(1), the court has conducted a de novo review of the matter.  Having done so, the court concurs with the cogent analysis of the magistrate judge.  The court finds no reason to repeat that analysis here.

In their objection, respondents assert that if the court finds a regulatory violation under either 8 C.F.R. § 241.13 or 8 C.F.R. § 241.4(l), such violation was harmless error and therefore immediate release is not an appropriate remedy.  Specifically, respondents assert petitioner cannot show that the government's failure to abide by its own regulations prejudiced him.  However, as pointed out by petitioner, respondents did not raise the harmless error argument before the magistrate judge.  Consequently, the argument is waived.  Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

Respondents also assert that the government's failure to comply with its regulations does not permit relief under § 2241(c)(3).  However, as recommended by the magistrate judge and as concluded by other judges in this district, the court joins the majority view, that the "'regulatory defects amount to due process violations that entitled a petitioner to habeas relief.'"  Doc. #19, p. 17 (quoting Pham v. Bondi, Case No. CIV-25-1157-SLP,

2

2025 WL 3243870, at *1 (W.D. Okla. Nov. 20, 2025)); *see also* <u>Guerra v. Bondi</u>, Case No. CIV-25-1240-G, 2026 WL 114258, at *7 (W.D. Okla. Jan. 15, 2026).[1]

Accordingly, the court **ADOPTS** the Report and Recommendation [Doc. #19].  The petition for writ of habeas corpus [Doc. #1] is **GRANTED** to the extent it requests habeas relief under 28 U.S.C. § 2241.

Respondents are **DIRECTED** to immediately release petitioner, subject to the terms of his previous Order of Supervision.  Respondents are further order to certify compliance by filing a status report **within five (5) business days** of the date of this order.

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 16th day of April, 2026.

JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[1] *In light of the court granting habeas relief as recommended, the court agrees with the magistrate judge and declines to address petitioner's remaining arguments as to how the revocation of his release or his detention is otherwise unlawful and his request for declaratory judgment and permanent injunctive relief.*

3